IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MARCELO BENITEZ TREJO, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV206-225 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR205-22) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marcelo Benitez Trejo ("Trejo"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C.A. § 2255 (Doc. No. 1) and the Government filed a Response (Doc. No. 3). For the following reasons, Trejo's Motion should be **DENIED**.

## STATEMENT OF THE CASE

On May 4, 2005, Trejo was indicted on one count of possession with intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). Trejo entered a plea of guilty in this Court on August 4, 2005, and was sentenced to eighty-seven (87) months' imprisonment, three (3) years supervised release, and a $100 special assessment. Trejo did not appeal his conviction. (Doc. No. 3, p. 3).

In his instant motion, which was filed on October 5, 2006, Trejo asserts that he was not charged in the indictment with a specific quantity of drugs, and that therefore this drug

quantity could not be used to enhance his sentence. (Doc. No. 1, pp. 5, 17). Trejo alleges that the due process clause and the right to a jury trial prohibit him from being convicted and sentenced based on a drug amount not included in the indictment; therefore, he should be re-sentenced at an offense level of 12. (Doc. No. 1, p. 5). Trejo also asserts that he did not receive effective assistance of counsel because his attorney did not explain his right to appeal. (Doc. No. 1, pp. 5, 16).

The Government avers that Trejo's motion was untimely filed because the substantive issue presented was available to be raised at sentencing or on appeal and Trejo did not file an appeal. (Doc. No. 3, pp. 4-5). Respondent also asserts that challenges to guidelines sentences are not cognizable on collateral attack. (Doc. No. 3, p. 5). Respondent further asserts that Trejo cannot show either that his counsel was ineffective or that he was prejudiced by any ineffectiveness that may have existed. (Doc. No. 3, pp. 5-10). Finally, Respondent asserts that Trejo's claim that he should not have been sentenced based on an indictment lacking a specific quantity is without merit.

## DISCUSSION AND CITATION TO AUTHORITY

Trejo contends that the sentence he received was incorrect and that he should have actually been sentenced based on an offense level of 12. (Doc. No. 1, p. 14). He asserts that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), supports his contention because a jury was not presented with the facts to determine the upward departure enhancements. Trejo contends that this is a jurisdictional error that can be raised in a §2255 action. Trejo asserts that his attorney did not advise him of his right to appeal his conviction and that therefore, he did not understand that he had that right and did not raise the sentencing issue on appeal. (Doc. No. 1., p. 3).

The Government asserts that Trejo's claims in this regard have been procedurally defaulted because he failed to file a direct appeal. The Government contends that Trejo must show "cause" and "prejudice" to overcome this procedural default and that he fails to show either. Furthermore, the Government avers that Trejo cannot show that he was prejudiced by his attorney's alleged failure to explain his appeal rights because the same were explained by the Court at sentencing. (Doc. No. 3, p. 8). Finally, the Government avers that Trejo's ineffective assistance claim fails because counsel had no duty to consult with him regarding an appeal. (Doc. No. 3, pp. 9-10).

**Trejo's Claim is Procedurally Defaulted**

Although § 2255 does not specifically include a statutorily mandated exhaustion of remedies requirement before a writ of habeas corpus petition can be brought, federal courts have created an exhaustion requirement. Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994). A § 2255 petition cannot be a substitute for a direct appeal, and thus a petitioner is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Id. If a petitioner has not raised an available issue on direct appeal, he has waived his right to appeal. This procedural default can be overcome by showing "'cause'" for the waiver of a direct appeal and "'actual prejudice resulting from the alleged. . . violation.'" Id. (quoting Wainwright v. Sykes, 433 U.S. 72, 84, 97 S. Ct. 2497, 2505, 53 L. Ed. 2d 594 (1977)).

By definition, however, procedural default does not apply to claims that could not have been brought on direct appeal, such as ineffective assistance of counsel, if there was no opportunity to develop the record to support such claims. United States v. Gholston, 932 F.2d 904, 905 (11th Cir. 1991). Furthermore, "[c]onstitutionally ineffective assistance

3

of counsel can constitute cause" to overcome a procedural default. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000). Of course, such a claim must have merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

**Trejo Fails to Show Ineffective Assistance of Counsel as Cause and Prejudice for Default**

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct. at 2064. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000). As long as a decision can be considered sound strategy, counsel's assistance cannot be

4

deemed ineffective. Id. (quoting Darden v. Wainwright, 477 U.S. 168, 186-87, 106 S. Ct. 2464, 2474, 91 L. Ed. 2d 144 (1986)). To show that an attorney's strategic decision was unreasonable, a defendant must produce evidence that no competent counsel would have taken the same action his counsel pursued. Haliburton v. Sec'y for Dep't of Corr., 342 F.3d 1233, 1243 (11th Cir. 2003).

The Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), sets forth the proper standard of analysis for § 2255 motions based on ineffective assistance of counsel regarding the attorney's failure to consult with the client regarding an appeal. Applying the Strickland test for ineffective assistance, the Flores-Ortega Court held that an attorney has an affirmative duty to consult with the defendant about an appeal where: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. Id. at 480, 120 S. Ct. at 1036. "[T]o show prejudice under [circumstances where an attorney failed to consult with the defendant], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484, 120 S. Ct. at 1038.

In discussing the deficient performance analysis, the Supreme Court noted that counsel would not be professionally unreasonable for failing to consult about an appeal where, for example, the sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative that they substitute for counsel's duty to consult. Id. at 479-480, 120 S. Ct. at 479. This situation clearly existed in Trejo's case. After sentence was imposed, the Court clearly advised Trejo of his appeal rights and Trejo expressed his understanding:

5

> Court: You have a right to appeal from this sentence. But in order to do that, you will have to file what is called a Notice of Appeal within ten days from today. If you do not do that, it means that you will be giving up your right to appeal. If you desire to appeal, you may ask the Deputy Clerk there to assist you in filing such a notice. Do you understand that?
>
> Trejo: Yes.
>
> Court: And during any such appeal, if you would like to pursue one, you would be entitled to the assistance of a lawyer just as you had throughout the proceedings today. And in the event that you would like to appeal, I will ask Mr. Thigpen to continue representing you.

The Court gave very clear instructions regarding the right to appeal, and thus it would not have been professionally unreasonable for counsel not to consult with Trejo regarding the possibility of appeal. Given the failure to demonstrate deficient performance, the Court need not reach the prejudice inquiry. However, it is noted that while Trejo now claims that he wanted to appeal, he made no attempt to contact the court between his sentencing on October 13, 2005, and the filing of his § 2255 motion, which is dated October 5, 2006. He was advised that he had ten days to appeal, that the clerk could file a notice for him, and that he was entitled to appointed counsel if he could not afford an attorney. Still, Trejo did not raise the issue until he filed his § 2255 motion nearly a year after sentencing. This would undermine any claim of prejudice, or that but for counsel's failure to consult with him, he would have taken an appeal. This, however, is unnecessary to the decision as deficient performance by counsel is not shown on the undisputed facts of record. Accordingly, Trejo has failed to show ineffective assistance or other cause for his procedural default and is, therefore, not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Trejo's Motion to Vacate, Set Aside, or Correct his sentence, filed pursuant to 28 U.S.C.A. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 3 day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)